```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   NORTHERN DIVISION


BOUROUISA MOUSSA,                  :

     Petitioner,                   :

v.                                 :
                                         CIVIL ACTION 07-406-CG-M
ALBERTO GONZALES,                  :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,           :

     Respondents.                  :
```

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by Bourouisa Moussa, a citizen and native of Algeria, who has been detained by the U.S. Department of Homeland Security (Doc. 1).[1]  This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration.  The record is adequate to determine Petitioner's claims; no evidentiary hearing is required.  It is recommended that the instant petition be dismissed as premature.

In his petition, Moussa states that he entered this country on August 18, 1993 (Doc. 1, p. 4).  Moussa asserts that he was taken into custody by agents of the U.S. Bureau of Immigration

---

[1] Petitioner has been in the actual custody of David O. Streiff, Warden of the Perry County Correctional Center in Uniontown, Alabama. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody with the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

and Customs Enforcement (hereinafter *ICE*), on December 6, 2004, because he had been in this country longer than was permitted (*id.*). On September 16, 2005, an Immigration Judge found that Moussa should be deported from this country under provisions of the Immigration and Nationality Act (*id.*). Petitioner's appeal to the Board of Immigration Appeal (hereinafter *BIA*) was denied on December 12, 2005 (*see* Doc. 13, pp. 1-2). On December 28, 2005, Moussa sought review, in the U.S. District Court for the Southern District of New York,[2] of the BIA decision; he also requested a stay of removal which Petitioner has asserted was granted (Doc. 1, p. 5; *cf.* Doc. 14, Exhibit A).[3]

Petitioner filed this action on June 6, 2007 (Doc. 1). He maintains that he has been detained for too long and that such detention is improper (*id.* at p. 6-8). Moussa seeks release from custody (*id.* at p. 9). Respondents subsequently filed a Response, stating that this action is premature as Petitioner's request for review in the Second Circuit Court of Appeals is still pending before that Court (Doc. 14, pp. 9-10).

The United States Supreme Court, in *Zadvydas v. Davis*, 533

---

[2]Petitioner stated that he filed his appeal in the U.S. District Court for the Southern District of New York (Doc. 1, p. 5), but documents provided by Respondents indicate that it was actually filed in the U.S. Court of Appeals for the Second Circuit (*see* Doc. 13, Exhibit 1; *see also* Doc. 14, Exhibit A).

[3]Respondents have submitted an Order from the U.S. Second Circuit Court of Appeals which indicates that no decision has been entered with regard to the Motion to Stay; that Order is dated September 11, 2007 (Doc. 14, Exhibit A).

U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231,[4] the *Zadvydas* Court held that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite

---

[4]The Court notes that 8 U.S.C. § 1231, entitled "Detention and removal of aliens ordered removed," states, in pertinent part, as follows:

> (a) Detention, release, and removal of aliens ordered removed
>     (1) Removal period
>         (A) In general
>             Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>         (B) Beginning of period
>             The removal period begins on the latest of the following:
>                 (i) The date the order of removal becomes administratively final.
>                 (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>                 (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
>         (C) Suspension of period
>             The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C.A. § 1231.

detention." *Zadvydas*, 533 U.S. at 689.  The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).  The *Zadvydas* Court further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month-period "must have expired at the time [the Petitioner's] petition was filed in order to state a claim under *Zadvydas*."  *Akinwale*, 287 F.3d at 1052.  The *Akinwale* Court also noted that the six-month-period could be interrupted by a petitioner's motion for a stay of deportation or removal; this interruption would necessarily include whatever time was needed for the court, to which such motion had been made, to rule. *Akinwale*, 287 F.3d at 1052 n.4.

The evidence of record shows that the Order of Removal became administratively final on December 12, 2005 when the Board of Immigration Appeal denied Petitioner's appeal (*see* Doc. 13, pp. 1-2).[5]  So the six-month detention clock did not begin

---

[5] Petitioner has argued that he has been detained for well over six months since his removal order became final (Doc. 1, p. 5) ("Petitioner has been detained for over 24 months").  The Court rejects this assertion, noting that the Board of Immigration Appeal did not act until December 12, 2005.  8 C.F.R. 1241.1(a) (2006) ("An

4

running until the next day.  Moussa admits, in his Petition, that on December 28, 2005, he sought review with the Second Circuit Court of Appeals and requested a Stay of Removal (*see* Doc. 1, p. 5); evidence demonstrates that that Motion had not been ruled on as of September 11, 2007 (Doc. 14, Exhibit A).

Petitioner filed this action on June 6, 2007 (Doc. 1), more than seventeen months after the final administrative order of removal.  Though the seventeen months exceeds the six-months-confinement period contemplated in *Zadvydas*, *Akinwale* discounts the period of time during which Moussa's Motion to Stay has been considered.  This Court finds that Petitioner has not been detained for a period of six months prior to the filing of this action as required in *Akinwale*.  This action is premature.

Therefore, it is recommended that this action be dismissed as premature and that judgment be entered in favor of Respondents Alberto Gonzales, Michael Chertoff, and David O. Streiff and against Petitioner Bourouisa Moussa.

---

order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final [u]pon dismissal of an appeal by the Board of Immigration Appeals").
    The Court further notes that once the Order of Removal became final, Petitioner had no cause of action against the government for the period of time he was detained prior to the entry of the Order of Removal.  *De La Teja v. U.S.*, 321 F.3d 1357, 1363 (11th Cir. 2003).  As Moussa's Order of Removal has become administratively final, he is being detained under § 241(a) of the Immigration and Nationality Act (hereinafter *INA*), 8 U.S.C. § 1231(a).  Under *De La Teja*, the pre-removal detention statute, § 236 INA (8 U.S.C. § 1226), has no application in this action.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the

fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 15th day of October, 2007.

                                             s/BERT W. MILLING, JR.
                                             UNITED STATES MAGISTRATE JUDGE